**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1087-17T1

JOSEPH CONTI,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued March 5, 2019 – Decided March 29, 2019

Before Judges Hoffman and Geiger.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-1334915.

Carleen M. Steward argued the cause for appellant (Fruhschein & Steward, LLC, attorneys; Carleen M. Steward, of counsel and on the briefs).

Robert E. Kelly, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Robert E. Kelly, on the brief).

PER CURIAM

Petitioner Joseph Conti ruptured his Achilles tendon in a fall from a dump truck while working for the Department of Transportation (DOT). Since Conti's injury left him unable to return to work, he applied for accidental disability retirement benefits (ADRB). The Board of Trustees of the Public Employees' Retirement System (the Board) denied his claim for benefits, determining his fall "was the result of [his] willful negligence" and his injury "was not unexpected under the circumstances." In doing so, the Board rejected the decision of an Administrative Law Judge (ALJ) granting Conti ADRB. Because the undisputed facts demonstrate that Conti is legally entitled to such benefits, we reverse.

I.

On December 4, 2008, Conti attempted to clean the rear of a dump truck in the course of his employment as a DOT maintenance worker. Because the built-in, retractable metal ladder that would allow access to the truck bed was "rusted and broken," Conti climbed into the truck using the truck's rear wheel, without using the broken ladder.

A-1087-17T1

To exit the truck bed, Conti placed his foot on the truck's tire. However, his wet foot slipped and Conti fell, twisting his left ankle and tearing his Achilles tendon.

Conti began his employment with the DOT in April 2008; however, he did not receive a copy of the DOT the safety manual until three months later. The manual required employees to "wear and use safety items as directed," and "[w]hen a safety item issued is not in good condition, the employee shall report this to their immediate supervisor as soon as possible."

While Conti did not report the broken ladder to a superior, other employees previously reported the condition of the ladder to the supervisor. Notwithstanding the complaints of these other employees, no action was taken to repair or replace the ladder before Conti's accident.

The record reflects that because the ladder was broken and rusted, employees did not use it. Instead, to access the bed of the truck, Conti testified that "guys would use the back wheel to climb up and to get into the bed of the truck." Most of them would use the rear tire, where

> there was a piece of wood . . . they would put their hands on the piece of wood and then they would put their foot on the lug . . . of the tire and then there was a step that went around the whole bed of the truck, they would just put their foot on the step and then just straddle and go over.

A-1087-17T1

Other employees would climb "on top of a small trailer" and stepped into the bed from the trailer. Prior to his incident, Conti always climbed into the truck the same way, using the tire. The entire time he worked with the dump truck, from April through December 2008, the ladder remained in the same rusted and broken condition. In fact, when Conti first began working with the DOT, the supervisor had a coworker "show [him] the ropes," which included climbing into the truck without using the ladder.

Conti applied for ADRB in September 2011. The Board determined Conti was totally and permanently disabled due to an event that occurred "during and as a result of [his] regular or assigned duties." Nonetheless, the Board determined the fall "[was] not undesigned and unexpected" and resulted from Conti's own "willful negligence." The Board therefore denied his claim.

Conti appealed, and the matter was transferred to the OAL as a contested case, "limited to the issue of whether Petitioner was willfully negligent." In June 2017, the ALJ ruled in favor of Conti, concluding his conduct did not "rise to reckless disregard of his own safety." The State submitted exceptions to the ALJ's decision.

In August 2017, the Board adopted the ALJ's factual findings but rejected her legal conclusions, thereby denying Conti's ADRB claim. This appeal followed.

II.

We recognize that "'judicial review of an administrative agency action is limited' because respect is due to the 'expertise and superior knowledge' of an agency in its specialized field." Francois v. Bd. of Trs., 415 N.J. Super. 335, 347 (App. Div. 2010) (quoting Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result.'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

Here, the Board adopted the ALJ's factual findings, but rejected her legal reasoning and conclusions. We review de novo purely legal issues and the

agency's interpretation of a statute. Russo, 206 N.J. at 27. Nevertheless, we "generally defer to the interpretations of a state agency of the statutes and implementing regulations it administers, unless the interpretation is 'plainly unreasonable.'" Francois, 415 N.J. Super. at 347 (quoting In re Election Law Enforcement Comm'n Advisory Opinion No. 01-2008, 201 N.J. 254, 260 (2010)).

To receive ADRB, an applicant must prove:

1. that he [or she] is permanently and totally disabled;

2. as a direct result of a traumatic event that is

a. identifiable as to time and place,

b. undesigned and unexpected, and

c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);

3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;

4. that the disability was not the result of the member's willful negligence; and

5. that the member is mentally or physically incapacitated from performing his usual or any other duty.

A-1087-17T1

> [Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 212-13 (2007); see also N.J.S.A. 43:16A-7(1).]

"Willful negligence" is a

> 1. deliberate act or deliberate failure to act that reflects an intentional or purposeful or deviation from the standard of care exercised by a reasonable person in similar circumstances; or 2. such conduct as evidences reckless indifference to safety; or 3. intoxication, operating as the proximate cause of the injury.
>
> [N.J.A.C. 17:2-6.5.]

Although the safety manual required Conti to report the ladder to a supervisor, he did not, despite the ladder's rusted and broken condition during the entirety of his employment. The Board found this constituted a "deliberate failure to act," demonstrating Conti's willful negligence. The Board also found Conti committed a "deliberate unsafe act" in using the tire to climb out of the truck.

In making its decision, the Board relied on an unpublished decision[1] of this court, in a case involving markedly different factual circumstances. While the Board recognized that "employers and the pension boards have compelling

---

[1] "No unpublished opinion shall constitute precedent or be binding upon any court." R. 1:36-3. Indeed, unreported decisions "serve no precedential value, and cannot reliably be considered part of our common law." Trinity Cemetery v. Wall Tp., 170 N.J. 39, 48 (2001) (Verniero, J., concurring).

7

policy reasons for ensuring a safe working environment," its decision punishes Conti for the DOT's failure to provide the necessary safety equipment. The Board's decision places much emphasis on Conti's failure to report the broken ladder to a supervisor; however, the record shows other employees reported the condition of the ladder, without results. Instead of placing the duty to ensure safety upon the employer – the party best able to provide safety equipment and accept the cost of noncompliance – the Board placed the responsibility on Conti, even though previous efforts of other employees proved futile.

The employer's failure to repair or replace the ladder placed Conti in the precarious position of having to perform his job duties without having a safe way of doing so. Conti could either use the rusted and broken ladder, climb into the truck after scaling a small trailer, or enter and exit the truck using the tire, just as his coworkers did and as he had been trained.

Thus, while Conti's use of the tire and failure to report the ladder may have been a "deliberate act," it does not "reflect[] an intentional or purposeful deviation from the standard of care exercised by a reasonable person in similar circumstances" as the regulation requires to deny benefits. See N.J.A.C. 17:2-6.5.

For the same reasons, we reject the Board's finding that the injury was not undesigned or unexpected. The Board did not cite any evidence Conti had "designed" his fall. Further, the Board's finding that Conti's method to exit the truck "is so obviously unsafe that losing one's footing and falling is to be expected," ignores the fact that Conti had no safer alternative to exit the truck. The evidence shows the ladder was rusty and unsafe. The State neglected to repair or replace it. The only other means to exit the truck was to climb over to a trailer and climb down.

We conclude the Board's final decision "lacks fair support in the record," warranting its reversal. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting Russo, 206 N.J. at 27). We therefore remand the matter to the Board for entry of an ADRB award to Conti.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION